IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MARIA A. MORALES-FONSECA,**

**Plaintiff,**

**v.**

**MUNICIPALITY OF GUAYNABO, et al.,**

**Defendants.**

Civil No. 07-1650 (GAG)

## OPINION AND ORDER

Presently before the court is defendant Municipality of Guaynabo's ("Guaynabo") motion for summary judgment (Docket No. 20). For the reasons stated herein, the court **DENIES** defendant's motion.

### I. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (citations omitted).

The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party (here, the plaintiff) and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment

**Civil No. 07-1650 (GAG)**

stage, the court does not make credibility determinations or weigh the evidence. Id.

**II.     Analysis**

    **A.     Hostile Work Environment**

In order to succeed in a hostile work environment claim, the plaintiff must show: (1) that she is a member of a protected class; (2) that she was subjected to unwelcome sexual harassment; (3) that the harassment was based upon sex; (4) that the harassment was sufficiently severe or pervasive so as to alter the conditions of plaintiff's employment and create an abusive work environment; (5) that the sexually objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so; and (6) that some basis for employer liability has been established. O'Rourke v. City of Providence, 235 F.3d 713, 728 (1st Cir. 2001).

In this case, the first element is clearly established and there are genuine issues of material facts as to the remaining elements.[1] Plaintiff's evidence (her testimony regarding the alleged comments made by her supervisor to her) is not hearsay insofar as it is not offered for its truth, but to prove that the statements were made and that they constituted sexual harassment. Therefore, they are admissible as evidence and create a genuine issue of material fact as to all the elements of the cause of action. Furthermore, even if the statements were being offered for their truth, they are not hearsay because they are admissions by a party opponent. Fed.R.Evid. 801(d)(2)(A) states that admissions by a party opponent are not hearsay if the statement is offered against the party and it is the party's own statement, in either an individual or a representative capacity. See Fed.R.Evid. 801(d)(2)(A); Vazquez v. Lopez-Rosario, 134 F.3d 28, 34 (1st Cir. 1998) (holding that "for a statement to be an admission under Rule 801(d)(2), the statement must be made by a party, or by a party's agent or servant within the scope of the agency or employment").

Finally, the court will address if there is a basis for employer liability. An employer's liability

---

[1] The basis for employment liability will be discussed *infra*.

2

**Civil No. 07-1650 (GAG)**

for a hostile work environment claim depends on the harasser's employment status relative to the victim's. Guaynabo would be vicariously liable if plaintiff's supervisor created a hostile work environment, but if the hostile work environment was created by a co-worker, the employer would only be held liable if it was negligent either in discovering or remedying the harassment. See Torres-Negron v. Merck & Company, Inc., 488 F.3d 34, 40 (1st Cir. 2007). In this case plaintiff alleges that the hostile work environment was created by her supervisor, Mr. Edwin Ramos-Yordan. Therefore, it is unnecessary to analyze whether Guaynabo was negligent in discovering or remedying the harassment; Guaynabo would be subject to employer liability.

"An employer's vicarious liability for an actionable hostile work environment created by a supervisor is subject to an affirmative defense, which may only be asserted where no tangible employment action is taken." Torres-Negron, 488 F.3d at 40 (citing Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 764-65 (1998)). "Under the Faragher/Ellerth defense, the employer may avoid responsibility if it shows that it 'exercised reasonable care to prevent and correct promptly' the harassment and that the employee 'unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.'" Torres-Negron, 488 F.3d at 40 (citations omitted). In this case, there is an issue of material fact as to whether there was a tangible employment action against plaintiff and whether Guaynabo's response to plaintiff's complaint of sexual harassment, or lack thereof, was reasonable or not. Therefore, even though Guaynabo can raise the Faragher/Ellerth defense at trial, it would be up to the jury to decide if this defense has been proven by a preponderance of the evidence. For the aforementioned reasons, the court **DENIES** defendant's motion for summary judgment as to the claim for sexual harassment.

**B.     Retaliation**

In order to establish a prima facie case of retaliation the plaintiff has to prove that: "(1) she engaged in protected conduct under Title VII; (2) she suffered an adverse employment action; and (3) the adverse action was causally connected to the protected activity." Fantini, 557 F.3d at 32

**Civil No. 07-1650 (GAG)**

(citing Marrero v. Goya of Puerto Rico, Inc., 304 F.3d 7, 22 (1st Cir. 2002)).  The First Circuit has held that "[t]o be adverse, an action must materially change the conditions of plaintiff's employ." Gu v. Boston Police Dep't, 312 F.3d 6, 14 (1st Cir. 2002).  "Material changes include 'demotions, disadvantageous transfers or assignments, refusals to promote, unwarranted negative job evaluations, and toleration of harassment by other employees.'" Id.  Whether an employment action is "adverse," and therefore actionable, is gauged by an objective standard. Black v. Maine, 75 F.3d 716, 725 (1st Cir. 1996) ("Work places are rarely idyllic retreats, and the mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action.").  In this case, plaintiff states that the complained-of adverse employment action is that she was given an assignment that was not within her assigned duties and that such assignment was in a different place from her usual workplace.[2]  This type of disadvantageous assignment could constitute an adverse employment action.  Therefore, this court concludes that there is a genuine issue of material fact as to whether plaintiff's assignment was really disadvantageous.

Defendant also argues in its motion for summary judgment that plaintiff's retaliation claim is time-barred because plaintiff failed to exhaust her administrative remedies.  Plaintiff, on the other hand, alleges that, because the alleged retaliation springs from the complained-of harassment, she did not have to file a separate complaint for retaliation with the Equal Employment Opportunity Commission ("EEOC").  The First Circuit, in Clockendile v. New Hampshire Department of Corrections, 245 F.3d 1, 6 (1st Cir. 2001), held that "retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency – e.g., the retaliation is for filing the agency complaint itself."  In the present case plaintiff alleges that she was the subject of retaliation for having filed a charge for sexual harassment with the EEOC. Given that plaintiff timely filed her charge for sexual harassment and received a right-to-sue letter,

---

[2] This adverse employment action is causally connected to the protected activity (the filing of the EEOC complaint).

4

**Civil No. 07-1650 (GAG)**

her claim for retaliation is properly before this court since it sprung from the sexual harassment complaint. For the aforementioned reasons the court **DENIES** defendant's motion for summary judgment as to the retaliation claim.

    **C.**    **State Law Claims**

Given that the Title VII claims survived defendant's motion for summary judgment, the court still has jurisdiction to decide plaintiff's state law claims. For that reason, the court **DENIES** defendant's motion to dismiss the state law claims for lack of jurisdiction.

**III.**    **Conclusion**

For the abovementioned reasons, the court **DENIES** defendants' motion for summary judgment (Docket No. 20).

**SO ORDERED.**

In San Juan, Puerto Rico this 15th day of June 2009.

                                                                      S/Gustavo A. Gelpí

                                                                      GUSTAVO A. GELPI

                                                                      United States District Judge